IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Charles Jones, | ) | |
| | ) | No. 2:07-CR-1120-DCN |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Michael Charles Jones' motions to amend or supplement his 28 U.S.C. § 2255 motion as well as Jones' motion to hold in abeyance his § 2255 motion. For the reasons set forth below, the court grants Jones' requests to amend or supplement and denies his motion to hold in abeyance the § 2255 motion.

**I. Motions to Amend or Supplement**

Jones filed two motions to amend or supplement the § 2255 motion. Federal Rule of Civil Procedure 15(a)(2) provides that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991). "A motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987). Respondent has not alleged that there has been undue delay or that the amendments to the § 2255

1

motion would cause undue prejudice.  Accordingly, the court grants Jones' motions to amend the § 2255 motion.[1]

## II.  Motion to Hold Petitioner's § 2255 Motion in Abeyance

Jones next asks that the court hold in abeyance the § 2255 motion.  Jones challenges his underlying state conviction on the ground that the statute of conviction, Fla. Stat. § 893.13, was held facially unconstitutional by one Florida federal district court. See Shelton v. Sec'y, Dep't of Corrs., No. 07-839, 2011 WL 3236040 (M.D. Fla. July 27, 2011).[2]

A prisoner cannot attack an underlying state conviction through a § 2255 motion challenging an enhanced federal sentence; the underlying conviction must first be successfully challenged in the state court and the judgment vacated.  See Daniels v. United States, 532 U.S. 375, 381-82 (2001).  The prisoner may then seek relief from his sentencing enhancement in federal court.  Id.; Johnson v. United States, 544 U.S. 295, 303-04 (2005); United States v. Pettiford, 612 F.3d 270, 276 (4th Cir. 2010).  Therefore, petitioner's underlying Florida state conviction must be challenged or vacated in state court if he desires to challenge his sentence in a federal § 2255 motion.  Accordingly, the court denies the motion to hold in abeyance.

## III.  Conclusion

Based on the foregoing, it is hereby **ORDERED** that petitioner's motions to amend or supplement the § 2255 motion are **GRANTED** and the motion to hold in abeyance is **DENIED.**

---

[1] The court does not address petitioner's arguments on the merits.
[2] The statute in question, while initially held unconstitutional in Shelton, has since been held constitutional by the same court in United States v. Bunton, No. 10-327, 2011 WL 5080307, at *1 (M.D. Fla. Oct. 26, 2011).

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**November 21, 2011
Charleston, South Carolina**